IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Vincent L. Neumon, Sr., | ) | Case No. 8:14-cv-02556-RMG-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 26.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)©, D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 20, 2014.[1]  [Doc. 1.]
On September 15, 2014, Petitioner filed additional attachments to the Petition.[2]  [Doc. 21.]
On September 25, 2014, Respondent filed a motion for summary judgment and a return
and memorandum.  [Docs. 26, 27.]  On the same day, the Court filed an Order pursuant
to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, this action was filed on June 20, 2014.  [Doc. 1-1 at 1 (envelope marked as received by prison mailroom on June 20, 2014).]

[2]Petitioner had previously filed additional attachments to the Petition on August 13, 2014 [Doc. 17]; however, on August 25, 2014, Petitioner requested that the Court disregard everything filed by him since August 1, 2014 [Doc. 21].

to the motion.  [Doc. 28.]  Petitioner filed a response in opposition on December 17, 2014.

[Doc. 38.]

Having carefully considered the parties' submissions and the record in this case, the

Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is incarcerated in the Perry Correctional Institution of the South Carolina

Department of Corrections pursuant to orders of commitment from the Clerk of Court for

McCormick County.  [Doc. 1 at 1.]  Petitioner was indicted in May 2005 for taking of

hostages by an inmate, attempted escape, and conspiracy.[3]  [App. 757–60.[4]]  On May 29,

2007, represented by William Sussman ("Sussman"), Petitioner proceeded to trial on his

charges of taking of hostages by an inmate and attempted escape.  [App. 1–272.]  At the

conclusion of the trial, the jury returned a verdict of guilty on all charges.  [App. 266–67.]

Petitioner was sentenced to life without parole[5] for the charge of taking of hostages by an

inmate and was sentenced to five years consecutive for the charge of attempted escape.

[App. 272; Doc. 1 at 1.]

---

[3]Petitioner was originally indicted for taking of hostages by an inmate and attempted escape in June 2001 and was indicted for conspiracy in February 2002.  [App. 275, 279–81.]  The 2001 indictments were ultimately nolle prossed or dismissed with leave to re-indict or dismissed or nolle prossed because of the 2005 superceding indictments.  The 2002 indictment appears to have been dismissed as a result of Petitioner's conviction of the 2005 indictments. [Doc. 27 at 2 n. 2; App. 274–88.]

[4]The Appendix can be found at Docket Entry Numbers 27-1 through 27-3.

[5]At the time of the trial, Petitioner was already serving sentences for murder and armed robbery.  [App. 289.]  On December 6, 2006, he was noticed of the State's intention to seek life without parole with respect to the taking of hostages by an inmate charge under S.C. Code Ann § 17-25-45.

**Direct Appeal**

Petitioner appealed his conviction. Katherine H. Hudgins of the South Carolina Commission on Indigent Defense filed a brief on Petitioner's behalf, dated August 26, 2008, in the South Carolina Court of Appeals, raising the following issue:

> Did the judge err in refusing to dismiss the taking of hostages by an inmate charge in violation of S.C. Code § 24-13-450, because the statute is unconstitutionally vague?

[Doc. 27-4 at 4.]  Pursuant to Rule 204(b) of the South Carolina Appellate Court Rules, the Supreme Court of South Carolina certified the case from the South Carolina Court of Appeals, and, on June 29, 2009, the Supreme Court of South Carolina denied and dismissed Petitioner's appeal. [App. 311–18.] Remittitur was issued on July 15, 2009. [Doc. 27-6.]

**PCR Application**

On July 15, 2009, Petitioner filed a pro se application for post-conviction relief ("PCR"), in which he alleged he was being held in custody unlawfully based on the following grounds:

> (a)    Ineffective Assistance of Counsel/Sixth Amendment Violation,
>
> (b)    Denied Due Process of Law/Fourteenth Amendment Violation,
>
> (c)    Sentence Imposed under Invalid Indictment.

[App. 320.] As supporting facts for his grounds, Petitioner wrote on the back of his PCR Application, quoted substantially verbatim:

> Applicant asserts that attorney William J. Sussman's performance was deficient, and that the deficient performance prejudiced the defense so as to deprive the Applicant of a fair

3

trial. Counsel was Ineffective due to Actionable Negligence, by incriminating his client in his opening statement, where counsel admitted guilt to the attempted escape, resulting in his client's sentence to five years consecutive. Counsel was Ineffective by refusing to subject the State's case to a meaningful adversarial testing once his client informed him that it was his desire to take a jury trial . . . .  Counsel was Ineffective when he submitted into evidence a plea agreement from Applicant's 1994 sentencing hearing.  Thus violating Applicant's 5th Amendment Rights.  Counsel was Ineffective in neglecting to preserve issues for appeal.

That on Feb. 27th, 2003, Assistant Solicitor Ervin Maye dismissed original indictments 2001-GS-35-139 (Attempted Escape), 2001- GS-35-160 (Taking of Hostages by an Inmate), and 2002-GS-35-060 (Conspiracy).  The dismissal left no foundation for indictment 2001-GS-35–160 (Notice of Intent to Seek Life Without Parole).  The dismissal of indictments was supressed from the defense, in violation of the Applicant's Right to Due Process . . .  That on Sept. 13th, 2006, the Applicant was notified by attorney, William J. Sussman of the dismissal of indictments, and the indictments re-instated on May 25th, 200 [copy is cut off] 2005-GS-35-106 (Attempted Escape), 2005-GS-35-107 (Taking of Hostages by an Inmate), and 2005-GS-35-105 (Criminal Conspiracy) by Assistant Solicitor Joseph Mizzell without an indictment to seek life without parole.  Both Solicitors Ervin Maye and Joseph Mizzell exercised Abuse of Discretion by supressing pertinent information, and depriving the Applicant of an Arraignment with sufficient process of service.  This violating Applicant's Right to Due Process.

[App. 324 (citations omitted).]  The State filed a return, dated January 5, 2010.  [App. 325–29.]

A hearing was held on December 1, 2011, at which Petitioner was represented by Benjamin A. Stitely.  [App. 330–73.]  An order denying and dismissing the PCR application with prejudice was filed by the PCR court on February 28, 2012.<sup>6</sup>  [App. 748–56.]

---

<sup>6</sup>The Order was signed on February 24, 2012.  [App. 386.]

A notice of appeal was timely filed.  David Alexander of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari, dated October 15, 2012, in the Supreme Court of South Carolina asserting the following as the sole issue presented:

> Whether petitioner was denied his Sixth Amendment right to effective assistance of counsel when, without petitioner's consent, his attorney admitted guilt to one of the charges in his opening statement?

[Doc. 27-7 at 3.]  The Court of Appeals denied the petition on June 6, 2014 [Doc. 27-10] and remitted the matter to the lower court on June 30, 2014 [Doc. 27-11].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed the Petition on June 20, 2014.  [Doc. 1.]  In his Petition, Petitioner raises the following grounds for relief, quoted substantially verbatim:

**Ground One**:    Ineffective Assistance of Trial Counsel

*Supporting Facts*:    Trial counsel in his opening statement to the jury admitted guilt to the attempted escape which allegedly took place in the commission of the hostage taking charge.  Trial counsel had taken the burden of proof away from the State, taken away petitioner's right to confrontation, and essentially denied the petitioner's right to a fair trial.  The trial judge repeatedly reminded trial counsel that he had given up petitioner's right to confrontation.

**Ground Two**:    Sentence imposed under Invalid Indictment Due Process violation

*Supporting Facts*:    Petitioner was initially indicted in 2001 for Taking of Hostages By An Inmate and Attempted Escape, then in 2002 for Conspiracy and Attempted Escape.  A notice of intent to seek life without parole was served on Petitioner along with first (2) indictments.  The above indictments

5

were all Nolle Prossed or Dismissed on February 27, 2003 without notifying petitioner. Petitioner was not informed the one (1) year absence of indictments until new appointed trial counsel provided discovery which included indictments dated May 25, 2005.

**Ground Three**:     Ineffective Assistance of PCR counsel

*Supporting Facts*:     PCR counsel was incapable of producing facts pertaining to petitioner's parole eligibility from his 1995 life sentence, which would have made a difference in the PCR.
PCR counsel failed to preserve all of petitioner's issues raised on PCR with filing a Rule 59(e)

**Ground Four**:     PCR judge erred in denying petitioner's relief based on the sentence of prior conviction

*Supporting Facts*:     PCR judge used petitioner's prior sentence from an armed robbery conviction to determine whether petitioner would receive post conviction relief.

[Doc. 1.][7]

As stated, on September, 2014, Respondent filed a motion for summary judgment.

[Doc. 26.] On December 17, 2014, Petitioner filed a response in opposition. [Doc. 38.]

Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe

his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

---

[7]In his attachment titled "Memorandum of Law," filed on September 15, 2014, Petitioner submitted additional factual allegations and legal support for the grounds raised in his Petition. [Doc. 21.]

520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

7

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual

determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### Procedural Bar

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)     (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653

S.E.2d 266 (S.C. 2007).[8]  Further, strict time deadlines govern direct appeal and the filing

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal

must be filed and served on all respondents within ten days after the sentence is imposed

or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R.

203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if

there is an appeal, within one year of the appellate court decision.  S.C. Code Ann.

§ 17-27-45(A).

    If any avenue of state relief is still available, the petitioner must proceed through the

state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson*

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173

(4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present

only those issues that were presented to the highest South Carolina court through direct

appeal or through an appeal from the denial of a PCR application, regardless of whether

the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d

850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South

Carolina is not required to exhaust available state court remedies: "[South Carolina] has

identified the petition for discretionary review to [the Supreme Court of South Carolina] in

criminal and post-conviction cases as *outside* South Carolina's standard review process.

In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for

---

    [8]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that,
prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South
Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant
to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which
there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure
to raise issues pursuant to Rule 59(e) to effect a procedural bar.

rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

13

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

14

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

15

## DISCUSSION

**Non-Cognizable Claims**

In Ground Three, Petitioner raises claims of ineffective assistance of PCR counsel. [Doc. 1 at 11.] However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I); *see also Martinez v. Ryan*,—U.S.—, 132 S.Ct. 1309, 1315, 1320 (2012) (stating that, "while § 2254(I) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause'"). Therefore, Petitioner is not entitled to federal habeas relief as to Ground Three because it is not a cognizable federal habeas claim.[9]

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends Grounds Two and Four are procedurally barred. [Doc. 27 at 19.] Petitioner argues he can establish cause and actual

---

[9]In his response in opposition to the motion for summary judgment, Petitioner raises for the first time that PCR counsel was ineffective for failing to "raise the specific ineffective assistance of appellate counsel claim for failure to raise the Bruton issue." [Doc. 38 at 9.] Because new matters cannot be raised in a response in opposition to a motion for summary judgment, *Temple v. Oconee County*, C/A No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014) (citing *White v. Roche Biomedical Labs,* 807 F.Supp. 1212, 1216 (D.S.C. 1992)), the Court will not address this argument.

prejudice for any procedurally barred claims under *Martinez*, 132 S.Ct. 1309. [Doc. 38 at 9, 12–15.]

### *Ground 2*

In Ground Two, Petitioner argues that his sentence was imposed under an invalid indictment because the 2001 and 2002 indictments were nolle prossed or dismissed without his knowledge and he was re-indicted in 2005. [Doc. 1 at 10.] Petitioner raised this issue in his pro se PCR application [App. 324]; however, he failed to raise it on direct appeal or on appeal from the denial of PCR [*see* Docs. 27-4, 27-7]. Therefore, this ground was not fairly presented to the Supreme Court of South Carolina; thus, this claim is procedurally barred from federal habeas review unless Petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred.[10]  *See Coleman*, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

---

[10]Respondent also argues that Ground Two is procedurally barred because it was dismissed by the PCR court on an adequate and independent state law ground and because issues pertaining to sentencing should be regarded as a matter of state unless a petitioner can show arbitrariness or capriciousness. [Doc. 27 at 20–21.] Because the Court has already determined that this claim is procedurally barred, the Court declines to address this argument.

### *Ground Four*

In Ground Four, Petitioner asserts that the PCR judge erred in denying using Petitioner's prior conviction to determine whether Petitioner was entitled to post conviction relief. [Doc. 1 at 13.] This claim was not raised in Petitioner's appeal from the denial of PCR. [*See* Doc. 27-7.] Because this ground was not fairly presented to the Supreme Court of South Carolina, it is procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722; *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### *Cause and Prejudice*

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (emphasis added)). Here, as stated, Petitioner appears to argue he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*.

In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of

18

> *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
> Ed. 2d 674 (1984).  To overcome the default, a prisoner must
> also demonstrate that the underlying ineffective-assistance-
> of-trial-counsel claim is a substantial one, which is to say that
> the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318.  Accordingly, Petitioner may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit.

Here, Petitioner has failed to establish cause with respect to Ground Two, which was found to be procedurally barred for failure to raise the issue either in Petitioner's direct appeal or his appeal from the denial of PCR, and with respect to Ground Four, which was found to be procedurally barred for failure to raise it to the Supreme Court of South Carolina in Petitioner's writ of certiorari.  Petitioner claims that he did not raise Ground Two in his direct appeal because "[t]rial counsel was ineffective by failing to raise this issue on direct appeal."[11]  [Doc. 1 at 10.]  Regarding Ground Four, Petitioner claims that his PCR counsel was ineffective in filing his appeal.  [Doc. 1 at 13.]  However, Petitioner has made no underlying ineffective assistance of trial counsel claim with respect to these grounds.  *See Martinez*, 132 S.Ct. at 1318 (holding that a petitioner may establish cause for the default if he demonstrates his PCR counsel was ineffective and that *the underlying ineffective assistance of trial counsel claim* is a substantial one, i.e., it has some merit).  Accordingly, Petitioner has not demonstrated cause to excuse the procedural default.[12]

---

[11]Although Petitioner states trial counsel was ineffective for failing to raise this issue on direct appeal, Sussman did not handle Petitioner's direct appeal.  [*See* Doc. 27-4 (final brief of appellant filed by Katherine H. Hudgins, appellate defender).]

[12]Moreover, even if Petitioner had alleged ineffective assistance of trial counsel in these grounds, Petitioner would not be able to overcome the procedural bar.  With respect

**Merits of Remaining Claim**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts

---

to Ground Two, it has been generally held that *Martinez* does not apply to ineffective assistance of appellate counsel claims. *See Reed v. Stephens*, 739 F.3d 753, 778 n. 16 (5th Cir. 2014) (declining to consider ineffective assistance of appellate counsel under *Martinez*); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (holding that "[u]nder *Martinez's* unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel"); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) (holding *Martinez* applies only to procedural default of a claim of ineffective assistance at trial, not to claim of ineffective assistance of appellate counsel). *But see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1289 (9th Cir. 2013) (holding that *Martinez* applies where the underlying ineffective assistance of counsel is by appellate counsel). Regarding Ground Four, the *Martinez* exception does not extend to PCR appellate counsel. *See e.g., Crowe v. Cartledge*, No. 9:13–CV–2391-DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11–CV–02874-RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").

that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

In Ground One, Petitioner argues Sussman was ineffective for admitting Petitioner's guilt with respect to an attempted escape charge in Sussman's opening statement. [Doc. 1 at 5.]  Petitioner contends this eliminated the State's burden, violated Petitioner's rights under the confrontation clause, and violated his right to a fair trial.  [*Id.*]  The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

21

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[13] *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or

---

[13]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed Sussman performance under the standard set forth in *Strickland.* [App. 380.] The PCR court found,

> that Applicant has failed to meet his burden of proof in showing that counsel's representation was ineffective. Counsel testified that admitting Applicant's guilt to the attempted escape charge was a matter of trial strategy and that he and Applicant discussed together. Counsel explained that the main issue in Applicant's defense was that Applicant did not take any hostages because Applicant did not physically place his on anyone. Our courts are understandably wary of second-guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) *and* McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). Counsel testified that opening comments by attorneys at trial is not evidence and that it is a common trial strategy to admit to a charge at the outset of a trial for various reasons including building good will with the jury.[14] Applicant asserts that by admitting fault to the attempted escape charge, that the state was relieved of their burden of proving the charge to the jury. Applicant directed this Court's attention to the following excerpt of counsel's opening statement:
>
> > "And I wanna do something I don't normally do in a criminal case, and I've been doing this for a number of years . . . and that is that I'm gonna admit to one of the charges. We're gonna have to admit to the fact that [Applicant] did attempt to escape just as Mr. Maye told you." (Tr. P.66, lines 19–22).

---

[14]Although the order states that Sussman "testified that opening comments by attorneys at trial is not evidence and that it is a common trial strategy to admit to a charge at the outset of a trial for various reasons including building good will with the jury," according to the hearing transcript, the PCR judge made these statements. [*See* App. 370:24–25, 371:1–9.]

> This Court notes that contrary to Applicant's assertion the state was not relieved of their burden to prove guilt beyond a reasonable doubt of the attempted escape, even if where counsel admits guilt of the charge at the outset of the trial. Applicant additionally asserts that counsel's admission of guilt to the attempted escape charge resulted in a mandatary consecutive term imposed, while Applicant was going to be eligible for parole on the previous murder charge. A review of the record reveals that Applicant pled guilty to Murder (1993-GS-38-0939) and Armed Robbery (1994-GS-38-0665) on February 23, 1995. Applicant was sentenced to life in prison for the Murder charge and a consecutive term of twenty-five (25) years for the Armed Robbery. This Court finds that while Applicant may have been parole eligible at some point on the Murder charge, Applicant was still going to face the consecutive twenty-five year sentence for the Armed Robbery. This Court finds that counsel articulated valid strategic reasons for admitting guilt to the attempted escape charge. The Applicant has not shown that counsel was deficient in that choice of tactics nor any resulting prejudice; therefore this allegation is denied and dismissed.

> ***

> Based on all the forgoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require the Court to grant his applicant for post conviction relief. Therefore, this applicant for post conviction relief must be denied and dismissed with prejudice.

[*Id.* at 381–82, 385–86.] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded that Petitioner failed to establish that Sussman's

representation fell below an objectively reasonable standard or any resulting prejudice. [App. 382.]

The record supports the PCR court's determination.  At the PCR hearing, Sussman testified that, before his opening statement at trial, he had discussed his strategy with Petitioner.[15]  [App. 338:20–21.]  Sussman stated that he and Petitioner recognized that the evidence against Petitioner was strong and that he didn't think there was any issue regarding the attempted escape.  [App. 344:18–21.]  Sussman further testified that because the evidence was clear that Petitioner had attempted to escape, Sussman and Petitioner focused on showing that Petitioner did not take any hostages.  [App. 339:1–7.]  Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.  *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not

---

[15]The Court notes that, at the PCR hearing, Petitioner claimed that he and Sussman had not discussed admitting guilt with respect to the attempted escape charge prior to Sussman's opening remarks.  [App. 353:12–14.]  However, in its order of dismissal, the PCR court summarized Sussman's testimony and Petitioner's testimony during the hearing [App. 377–80] and credited only  Sussman's version of events in the discussion section [App. 381–82].

defend a particular client in the same way." (Internal citation omitted)).   Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

## <u>CONCLUSION AND RECOMMENDATION</u>

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petitioner be DENIED.

IT IS SO RECOMMENDED..

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

July 8, 2015
Greenville, South Carolina