## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Vincent L. Neumon, Sr.,              )
                                     )    No. 8:14-cv-2556-RMG
    Petitioner,                 )
                                     )    **ORDER**
    vs.                         )
                                     )
Larry Cartledge,                     )
                                     )
    Respondent.                 )
_____)

This matter comes before the Court on the Report and Recommendation ("R & R") of the

Magistrate Judge, recommending that Respondent's motion for summary judgment (Dkt. No. 26)

be granted and the petition be dismissed. (Dkt. No. 42). Petitioner timely filed objections to the

R & R. (Dkt. No. 44).

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those

portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*,

416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Petitioner's habeas petition arises out of his conviction in May 2007 in the McCormick

County Court of General Sessions for taking of hostages by an inmate, attempted escape and

conspiracy. Petitioner was sentenced to life without parole for the taking of hostages and five

years consecutive for attempted escape. (Dkt. No. 42 at 2). Thereafter, Petitioner unsuccessfully

pursued a direct appeal and state post conviction relief. He subsequently filed this federal habeas petition in United States District Court on June 20, 2014 asserting four separate grounds for relief.

The Magistrate Judge's R & R addressed each of the four grounds asserted by Petitioner. The Magistrate Judge found that Ground Two was procedurally barred because it had not been raised on direct appeal or in the state PCR appeal and Ground Four was procedurally barred because it had not been raised in the state PCR appeal. (*Id.* at 17, 18). The Magistrate Judge also found that Petitioner had failed to establish the presence of "cause" to excuse these procedural defaults. (*Id.* at 19). The Magistrate Judge further found that Petitioner was not entitled to relief under Ground Three, which asserted ineffective assistance of PCR counsel, because ineffective assistance by PCR counsel cannot be a ground for relief under § 2254.

The Magistrate Judge additionally found that Petitioner was not entitled to relief under Ground One, which asserted that he was denied effective assistance of counsel when his trial counsel asserted in the opening statement that his client was guilty of attempted escape. The Magistrate Judge set forth the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) for establishing ineffective assistance of counsel in a federal habeas proceeding and reviewed the findings of the state PCR court, which concluded that the statement of trial counsel was part of a reasonable trial strategy. The Magistrate Judge, applying the *Strickland* standards to the record evidence, concluded that the Respondent was entitled to summary judgment on this ground. (*Id.* at 21-26).

Petitioner's objections, which ran 23 handwritten pages, essentially reargued the issues which were already addressed and ruled upon by the Magistrate Judge. (Dkt. No. 44). Petitioner

-2-

urged the Court to disregard undisputed procedural defaults because the decisions not to assert on appeal the defaulted issues he now sought to raise were made by government appointed counsel, which he claimed "subject[ed] him to prejudice by the state of South Carolina." (*Id.* at 3). He also disputed the finding of the PCR court that trial counsel's admission in opening statement was based on "valid strategic reasons." (*Id.* at 13).

After a careful review of the R & R, Petitioner's objections, the record evidence and the applicable statutory and case law, the Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Respondent is entitled to summary judgment on each of the four grounds raised. The Court further finds that the Petitioner's objections provide no lawful basis to overturn the Magistrate Judge's recommendations. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 42) as the order of this Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 26). Petitioner's habeas petition is **DISMISSED** with prejudice.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

-3-

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

July 3 (, 2015
Charleston, South Carolina